IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VITTORIO GUERRIERO, M.D., and GREGORY C. NACOPOULOS, D.O., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MERIT LINOLN PARK, LLC, GREGORY A. )<br>CIERLIK, WILLIAM S. MARKEY, M.D., )<br>MARIA M. MUNOZ, M.D., CHRISTOS A. )<br>GALANOPOULOS, M.D., GEORGE I. )<br>SALTI, M.D., GEORGE ENGEL, M.D., )<br>HOWARD A. MORITZ, M.D., CHRISTINE )<br>BRADY, R.N., ERHARD R. CHORLÉ and )<br>LYNN A. ELLENBERGER, )<br>)<br>Defendants. ) | No. 08 CV 2388<br>Honorable Judge Leinenweber |

**DEFENDANTS MERIT LINCOLN PARK, LLC, GREGORY A. CIERLIK, WILLIAM S. MARKEY, M.D., MARIA M. MUNOZ, M.D., CHRISTOS A. GALANOPOULOS, M.D., GEORGE I. SALTI, M.D., GEORGE ENGEL, M.D., HOWARD A. MORITZ, M.D., CHRISTINE BRADY, R.N.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES BASED ON FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, TO STRIKE CERTAIN PARAGRAPHS BASED ON FED. R. CIV. P. 12(f)**

NOW COME Defendants MERIT LINCOLN PARK, LLC, GREGORY A. CIERLIK, WILLIAM S. MARKEY, M.D., MARIA M. MUNOZ, M.D., CHRISTOS A. GALANOPOULOS, M.D., GEORGE I. SALTI, M.D., GEORGE ENGEL, M.D., HOWARD A. MORITZ, M.D., CHRISTINE BRADY, R.N. (collectively "Defendants"), by their attorneys, Bollinger, Ruberry & Garvey, and for their Motion to Dismiss Plaintiffs' Complaint for Damages based on Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to Strike Certain Paragraphs, of the Complaint pursuant to Federal Rule of Civil Procedure 12(f), state as follows:

1. Plaintiffs Vittorio Guerriero, M.D. and Gregory C. Nacopoulos, D.O. (collectively referred to as "Plaintiffs") filed their Complaint for Damages on March 25, 2008 ("Complaint").

2. This Complaint contains allegations pursuant to 28 U.S.C. § 1331, a federal question, and therefore this Court has original jurisdiction.

3. This Court should dismiss the Complaint, in its entirety, pursuant to Rule 12(b)(6) whereby Plaintiffs have failed to state a claim whereby all claims are barred by Res Judicata.

4. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count I of the Complaint alleging fraud against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim whereby Plaintiffs have failed to properly plead fraud against the Defendants.

5. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count II of the Complaint alleging tortious interference with by laws against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim whereby Plaintiffs have failed to properly plead tortious interference against the Defendants.

6. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count III of the Complaint alleging tortious interference with Dr. Guerriero's Relationships with LPH and Other Chicago Hospitals against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim whereby Plaintiffs have failed to properly plead tortious interference against the Defendants.

7. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count IV of the Complaint alleging denial of right to a fair hearing against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim whereby Plaintiffs have failed to properly plead denial of right to a fair hearing against the Defendants.

8. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count V of the Complaint alleging civil conspiracy against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim whereby Plaintiffs have failed to properly plead civil conspiracy against the Defendants.

9. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count VII of the Complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., ("RICO") against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim whereby Plaintiffs have failed to properly plead violations of RICO against the Defendants.

10. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count VIII of the Complaint alleging conspiracy to violate RICO against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim whereby Plaintiffs have failed to properly plead conspiracy to violate RICO against the Defendants.

11. In the alternative, if this Court does not dismiss the Complaint pursuant to Rule 12(b)(6) on the basis that all claims are barred by Res Judicata, Count IX of the Complaint

incorporating Counts I-VIII against the Defendants on behalf of Plaintiff Dr. Nacopoulos should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on the same basis as Paragraphs 4 through 10 as stated herein.

11. ~~In the alternative, if this Court does not dismiss the Complaint pursuant to Rule~~ 12(b)(6) on the basis that all claims are barred by Res Judicata or on the basis that Plaintiffs have failed to properly plead their causes of action, in the alternative, the Complaint should be dismissed or, at the minimum, Paragraphs 2, 4-6, 9-30, 32-37, 39-43, 45, 47-53, 55-66, 69, 71, 75.1-75.4, 78-79, 81-84, 86-87, 89-90, 91.1-91.2, 91.4-91.7, 99-115, 120-122, 124-126, 128, 131-133 of the Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f) for violation of Federal Rules of Civil Procedure 8(a)(2), 8(d)(1) and 10(b) requiring pleadings to set forth a short and plain statement of claims in simple, concise, and direct terms and limiting the contents of each paragraph to a statement of a single set of circumstances.

12. In further support of Defendants' position that Plaintiffs' claims should be dismissed, Defendants hereby adopt and incorporate by reference the Motion and Memorandum of Law filed by co-Defendants ERHARD R. CHORLÉ and LYNN A. ELLENBERGER.

13. Support for the Defendants' Motion is set forth in their accompanying Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint for Damages based on Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to Strike Certain Paragraphs of the Complaint pursuant to Federal Rule of Civil Procedure 12(f).

Dated this 10th day of June 2008.

                        Bollinger, Ruberry & Garvey

---

                        By:/s/ Michael S. Knippen
                        One of the Attorneys for Defendants MERIT LINCOLN PARK, LLC, GREGORY A. CIERLIK, WILLIAM S. MARKEY, M.D., MARIA M. MUNOZ, M.D., CHRISTOS A. GALANOPOULOS, M.D., GEORGE I. SALTI, M.D., GEORGE ENGEL, M.D., HOWARD A. MORITZ, M.D., CHRISTINE BRADY, R.N.

Michael S. Knippen, ARDC No. 6185723
Mark F. Wolfe, ARDC No. 6186298
Elise N. Victor, ARDC No. 6287603
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street, Suite 2300
Chicago, Illinois 60661
312.466.8000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true and correct copy of *Defendants Merit Lincoln Park, LLC, Gregory A. Cierlik, William S. Markey, M.D., Maria M. Munoz, M.D., Christos A. Galanopoulos, M.D., George I. Salti, M.D., George Engel, M.D., Howard A. Moritz, M.D., Christine Brady, R.N.'s Motion to Dismiss Plaintiffs' Complaint for Damages Based on Fed. R. Civ. P. 12(b)(6), or in the Alternative, to Strike Certain Paragraphs Based on Fed. R. Civ. P. 12(f)* to be electronically filed with the Clerk of the Court using the CM/EFC system, and the following counsel of record were served electronically on June 10, 2008:

| | |
|---|---|
| William E. Barrows<br>Attorney at Law<br>1020 Evergreen Circle<br>Olympia Fields, IL  60461<br>Phone:  (708) 481-4179<br>*Counsel for Plaintiffs Vittorio Guerriero, M.D., and Gregory C. Nacopoulos, D.O.* | Kevin Michael Forde<br>Kevin M. Forde, Ltd.<br>111 West Washington Street<br>Suite 1100<br>Chicago, IL  60602<br>Phone:  (312) 641-1441<br>*Counsel for Defendants Erhard R. Chorle and Lynn A. Ellenberger* |

By: /s/ Michael S. Knippen
    Michael S. Knippen
    ARDC No.:  6185723
    BOLLINGER, RUBERRY & GARVEY
    500 West Madison Street
    Suite 2300
    Chicago, Illinois  60606-2511
    Telephone:  312-466-8000