IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VITTORIO GUERRIERO, M.D., and<br>GREGORY C. NACOPOULOS, D.O.,<br><br>    Plaintiffs,<br><br>vs.<br><br>MERIT LINOLN PARK, LLC, GREGORY A.<br>CIERLIK, WILLIAM S. MARKEY, M.D.,<br>MARIA M. MUNOZ, M.D., CHRISTOS A.<br>GALANOPOULOS, M.D., GEORGE I.<br>SALTI, M.D., GEORGE ENGEL, M.D.,<br>HOWARD A. MORITZ, M.D., CHRISTINE<br>BRADY, R.N., ERHARD R. CHORLÉ and<br>LYNN A. ELLENBERGER,<br><br>    Defendants. | No. 08 CV 2388<br>Honorable Judge Leinenweber |

**<u>DEFENDANTS MERIT LINCOLN PARK, LLC, GREGORY A. CIERLIK, WILLIAM S. MARKEY, M.D., MARIA M. MUNOZ, M.D., CHRISTOS A. GALANOPOULOS, M.D., GEORGE I. SALTI, M.D., GEORGE ENGEL, M.D., HOWARD A. MORITZ, M.D., CHRISTINE BRADY, R.N.'S REPLY BRIEF TO PLAINTIFFS' RESPONSE BRIEF TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DAMAGES BASED ON FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, TO STRIKE CERTAIN PARAGRAPHS BASED ON FED. R. CIV. P. 12(f), AND MEMORANDUM IN SUPPORT THEREOF</u>**

NOW COME Defendants MERIT LINCOLN PARK, LLC, GREGORY A. CIERLIK, WILLIAM S. MARKEY, M.D., MARIA M. MUNOZ, M.D., CHRISTOS A. GALANOPOULOS, M.D., GEORGE I. SALTI, M.D., GEORGE ENGEL, M.D., HOWARD A. MORITZ, M.D., CHRISTINE BRADY, R.N. (collectively "Defendants"), by their attorneys, Traub, Lieberman, Straus & Shrewsberry, and for their Reply Brief to Plaintiffs' Response Brief to Defendants' Motion to Dismiss Plaintiffs' Complaint for Damages based on Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to Strike Certain Paragraphs of the Complaint Based on Federal Rule of Civil Procedure 12(f), and Memorandum in Support Thereof, state as follows:

I.  **INTRODUCTION**

Plaintiffs' Response Brief is nothing more than a reiteration of their Complaint combined with personal opinions unsupported by case law which fails to state a claim on several grounds as stated in Defendants' Motion to Dismiss including res judicata, failure to state a claim, and violations of Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 8(a)(2), 8(d)(1) and 10(b). Further, Plaintiffs fail to address or distinguish Defendants' supporting case law cited and relied upon in their Motion to Dismiss and Memorandum. In order to prevent redundancy, Defendants refer to their Motion to Dismiss' Introduction and Allegations of the Complaint sections for a summary of the facts of this matter. See Docket No. 28 and 32.

II. **PLAINTIFFS' ARGUMENT THAT *RES JUDICATA* IS NOT APPLICABLE IN THE INSTANT MATTER IS MISPLACED**

A. **The Parties Are In Privity Such That *Res Judicata* Applies**

Illinois law clearly holds that under the doctrine of *res judicata*, also known as claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Cole v. The Board of Trustees of the University of Illinois*, 497 F.3d 770, 2007 U.S. App. LEXIS 19450 (7th Cir. 2007); see also, *Talano v. Bonow*, 2002 U.S. Dist. LEXIS 17387 (N.D. Ill. 2002). For the purposes of *res judicata*, privity is said to exist between parties who adequately represent the same legal interests. *Bagnola v. Smithkline Beecham Clinical Laboratories*, 333 Ill.App.3d 711, 776 N.E.2d 730 (1st Dist. 2002), citing *People ex rel Burris v. Progressive Land Developers, Inc.*, 151 Ill.2d 285, 602 N.E.2d 820 (Ill. 1992). In the instant matter, Plaintiffs fail to cite to any case law supporting their opinion that the parties are not in privity and that Defendants "were acting for selfish motives, and not as agents of LLC." Docket No. 36. Unfortunately, unsupported opinions are not enough to prevail over Defendants' Motion to Dismiss. Instead, specifically, the Northern District of Illinois has held that employees, specifically a physician, of a defendant hospital from a prior suit are in privity with the

2

defendant hospital for the purposes of claim preclusion. *Talano v. Bonow*, 2002 U.S. Dist. LEXIS 17387 (N.D. Ill. 2002). In the instant matter, the Defendants are employees and/or physicians of the Defendant hospital, Merit Lincoln Park, LLC ("LPH;" Plaintiffs identify Merit Lincoln Park as "LLC"), and are therefore in privity with the Defendant hospital from the Chancery Action.

Additionally, Plaintiffs contend that they were not in privity with one another. At the same time, however, Plaintiffs allege in the Complaint that they were partners. Docket No. 29, Exhibit A, ¶1. As partners, Plaintiffs represent the same legal interests and therefore are in privity with one another whereby their claims are barred by *res judicata*.

Plaintiffs next contend that the instant matter is not a relitigation for purposes of *res judicata*. Docket No. 36. Their contention and reliance upon the 7th Circuit's decision in *Torres v. Rebarchak*, 814 F.2d 1219(7th Cir. 1987) is misplaced. The Court in *Torres* held that a dismissal "without prejudice" is not an adjudication on the merits and does not give rise to the defense of *res judicata*. *Id.* at 1224. This case is distinguishable from the instant matter for two reasons. First, a final judgment was entered on October 11, 2006 in the Chancery Court which states "this is a final order." See Docket No. 32, Exhibit B. Second, a final judgment on the merits occurred on February 23, 2007, when the parties executed a Settlement Agreement. Docket No. 28, Exhibit G. Illinois law is clear that a final judgment on the merits rendered by a court of competent jurisdiction bars the same party or those in privity with the party from relitigating matters that were raised or could have been raised in the prior action. *Majeske v. Fraternal Order of Police*, 94 F.3d 307, 312, 1996 U.S. App. LEXIS 21942, *17 (7th Cir. 1996), *Cole*, 497 F.3d 770, 772, 2007 U.S. App. LEXIS 19450, *6 (7th Cir. 2007), *Talano*, 2002 U.S. Dist. LEXIS 17387. The fact that Plaintiff Guerriero failed to assert certain allegations during the Chancery action does not afford him the opportunity to do so now. As such, the instant matter, if allowed, would be a relitigation of the Chancery action. Thus, it must be dismissed.

Additionally, Plaintiffs' reliance upon *Best Coin-Op v. Paul F. Ilg Supply Co.*, 189 Ill.App.3d 638, 545 N.E.2d 481 (1st Dist. 1989) is also misplaced. The court in *Best Coin-Op* held that where there are errors contained within Court orders as to whether a matter is dismissed with prejudice, for considerations of equity, *res judicata* does not apply. In the instant matter, the Plaintiffs do not contend that there were procedural errors in the Chancery action or in connection with the Settlement and Release Agreement ("Release"). As such, where *res judicata* is satisfied, this matter should be dismissed.

As respects Plaintiffs' contention that *res judicata* would be unfair, or that the Chancery action was litigated unjustly is irrelevant. Illinois law is clear on the subject of *res judicata* as discussed in Defendants' Motion to Dismiss and Memorandum in Support Thereof which dictates that Plaintiffs' attempted cause of action must be dismissed.

**B. Plaintiff Nacopoulos Lacks Standing To Bring Forth This Action, And The Settlement and Release Agreement Releases All Defendants In This Matter Such That Guerriero Also Lacks Standing To Bring Forth This Action**

Plaintiffs contend that, specifically, Dr. Guerriero is not asserting any claims against the "LLC", a/k/a Merit Lincoln Park, LLC, a/k/a LPH (hereinafter referred to as "LLC/LPH") in the instant matter. Docket No. 36, Section IV. However, Plaintiffs named LLC/LPH as a Defendant in this matter. Docket No. 29, Exhibit A. Should the Plaintiffs wish to voluntarily dismiss the LLC/LPH from this matter, Defendant LLC/LPH will not object to such a dismissal.

With respect to Plaintiffs' opinion that the Release does not preclude Plaintiffs from suing the Defendants, Plaintiffs' conclusion is simply erroneous and unsupported. The Northern District of Illinois has specifically held that medical staff, such as a physician, is an employee of a hospital for purposes of claim preclusion. *Talano*, 2002 U.S. Dist. LEXIS 17287, *8, see also, *Muthusmany v. Burke*, 269 Ill. App. 3d 728; 646 N.E.2d 616 (1st Dist. 1993). As such, as stated in Defendants Motion to Dismiss and Memorandum in Support thereof, the remaining Defendants are also medical

4

staff. *Talano*, 2002 U.S. Dist. LEXIS 17287, *8, see also, *Muthusmany*, 269 Ill. App. 3d 728; 646 N.E.2d 616 (1st Dist. 1993). Therefore, the Release applies to their interests as they are considered agents of LLC/LPH such that Plaintiffs are prohibited from bringing forth the current action. Furthermore, as discussed in Defendants' Motion to Dismiss and Memorandum in Support thereof, Plaintiff Nacopoulos lacks standing to bring forth such action. Docket No. 32, and Docket No. 28 incorporated by reference. Therefore, Plaintiffs' complaint must be dismissed.

### C. Plaintiff Guerriero Had a Full and Fair Opportunity to Litigate

Plaintiff Guerriero had a full and fair opportunity to litigate the claims in the Chancery action. Plaintiff Guerriero chose not to pursue his rights, but instead to execute the Release rather than seek additional administrative remedies. Plaintiff Guerriero's reliance on *Canel v. Topinka*, 212 Ill.2d 311, 818 N.E.2d 311 (2004), is misplaced. The court's basis in *Canel* for its holding was that Illinois law dictates that a party need not exhaust his administrative remedies when he attacks the constitutionality of a statute on its face. *Id*. Illinois law also states that a party need not exhaust his administrative remedies where it is patently futile to do so. *Illinois Bell Telephone Co. v. Allphin*, 60 Ill.2d 350, 357-358 (Ill. 1975). These exceptions to the exhaustion doctrine, however, have been fashioned in recognition of the time-honored rule that equitable relief will be available if the remedy at law is inadequate. *Id*. In the instant matter, Plaintiff Guerriero executed the Release which provided adequate equitable relief. Docket No. 28, Exhibit G. As such, Plaintiff Guerriero's contentions do not overcome the exhaustion doctrine. To that end, the requirements of *res judicata* are satisfied, and this matter must be dismissed.

### III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST EACH OF THE DEFENDANTS

#### A. Plaintiffs Have Failed To Properly Plead Common Law Fraud

It is well founded in Illinois that a successful common law fraud complaint must allege, with specificity and particularity, facts from which fraud is the necessary or probably inference,

5

including what misrepresentations were made, when they were made, who made the misrepresentation and to whom they were made. Fed. R. Civ. P. 9(b); see also, *Connick, et al. v. Suzuki Motor Co., Ltd., et al.*, 174 Ill.2d 482, 497, 675 N.E.2d 584, 592 (Ill. 1996), *Addison v. Distinctive Homes, Ltd.*, 359 Ill.App.3d 997, 1000, 836 N.E.2d 88, 92 (1st Dist. 2005), *Cwikla, et al. v. Sheir, et al.*, 345 Ill.App.3d 23, 801 N.E.2d 1103 (1st Dist. 2003), *Williams v. Chicago Osteopathic Health Sys.*, 274 Ill. App. 3d 1039, 1048, 654 N.E.2d 613, 619 (1st Dist. 1995).

Plaintiffs' reliance on *Havoco of America, Ltd. v. Hilco*, 731 F.2d 1282 (7th Cir. 1984) is flawed. In that case, the court addressed three issues: whether Havoco had knowledge of the fraud at the time it brought a breach of contract claim; whether Havoco waived its claim for fraud and misrepresentation; whether waiver depends on actual intent. *Id.* The court never addressed whether fraud was properly pled, nor does the court cite the requirements of fraud or analyze whether plaintiff stated a claim for fraud, because that was not the key issue being ruled upon. *Id.* Further, the court did not cite to any Illinois authority for its recognition of fraud or explain its basis for treating the allegations in that case as a fraud claim. *Id.* Rather, the court concerned itself with determining whether the contract at issue was partially or fully performed or fully executory at the time the plaintiff learned of the fraud which related to whether Havoco waived its right to recover damages for fraud. *Id.* Therefore, Plaintiffs' argument that reliance was not required to state a claim for fraud in Illinois is unfounded as the court never addressed that issue. Additionally, as stated in Defendants' Motion to Dismiss and Memorandum in Support thereof, Plaintiffs fail to satisfy the requirements of Rule 9(b). Therefore, Count I of the Complaint should be dismissed.

### B. Plaintiffs Have Failed To Properly Plead Tortious Interference As Respects The Bylaws

Plaintiffs' response to Defendants' Motion to Dismiss is basically a reiteration of their Complaint. Plaintiffs have failed to provide any substantive supporting evidence that they have properly pled tortious interference in connection with the Bylaws. For example, Plaintiffs contend

that the "doctors on staff at a hospital are not normally employed by or agents of the hospital," but provide for no basis or case law supporting this position. Docket No. 36. As discussed above, the Northern District of Illinois has specifically held that medical staff, such as a physician, is an employee of a hospital for purposes of claim preclusion. *Talano*, 2002 U.S. Dist. LEXIS 17287, *8, see also, *Muthusmany*, 269 Ill. App. 3d 728; 646 N.E.2d 616.

Moreover, Plaintiffs' reliance upon *3COM Corp. v. Electronic Recovery Specialists*, 104 F.Supp.2d 932 (N.D. Ill. 2000) is misplaced. In that matter, the court held that the complaint alleged a claim of tortious interference with prospective economic advantage. *Id.* In the instant matter, the Complaint, Count II, alleged tortious interference with contractual relations which is a different cause of action. Docket No. 28, Exhibit A.

Further, even entertaining Plaintiffs' alleged claim that the Defendants acted with malice, Plaintiffs have failed to properly plead such a cause of action. Plaintiffs do not provide facts outside of their Complaint to support that allegation. Bare allegations of actual malice, unsupported by facts, are not sufficient to negate the protections of privilege or unjustified conduct. *MGD, Inc. v. Dalen Trading Co.*, 230 Ill. App. 3d 916; 596 N.E.2d 15 (1st Dist. 1992); see also, *3COM Corp.*, 104 F.Supp.2d 932 (The Court held that plaintiff had not plead enough to overcome the corporate officer's privilege protecting the defendant from liability for tortious interference). More specifically, Plaintiffs fail to allege that Defendants' actions were contrary to the interests of LLC/LPH. *3COM Corp.*, 104 F.Supp.2d at 938. Additionally, Plaintiffs' reliance on *Fisher v. Illinois Office Supply Co.*, 130 Ill.App.3d 996, 474 N.E.2d 1263 (3rd Dist. 1984) is also flawed. In *Fisher*, the court examined whether the Federal policy of encouraging collective bargaining and arbitration of grievances relating to defamation actions preempts a State cause of action. *Id.* In the instant matter, Plaintiffs have not alleged defamation, and therefore this case cannot be similarly

compared to the instant matter. Therefore, whereby Plaintiffs have failed to properly plead tortious interference with contractual relations, Count II should be dismissed.

### C. Plaintiffs Have Failed To Properly Plead Tortious Interference As Respects Plaintiff Guerriero's Relationships With LLC/LPH and Other Chicago Hospitals

Plaintiffs fail to respond to Defendants' Motion to Dismiss and Memorandum in Support thereof as respects Count III of Plaintiffs' Complaint. Therefore, Defendants respectfully request that Count III be dismissed and rely on their Memorandum in Support thereof as their basis.

### D. Plaintiffs Have Failed to Properly Plead Denial of A Right to A Fair Hearing

Plaintiffs fail to address Defendants' Motion to Dismiss which states that Plaintiffs have failed to properly plead denial of a right to a fair hearing because Plaintiffs fail to allege that there was a violation of the Bylaws. Docket No. 28, Exhibit A. Specifically, Plaintiffs do not allege that LLC/LPH's Bylaws deprive him of the right to a fair hearing. Rather, Plaintiffs contend that the hearing Plaintiff Guerriero received was unfair. Docket No. 36. In Plaintiffs' eyes, the hearing may have seemed unfair because he did not regain what was most important to him, his privileges. But whether the hearing was fair or unfair does not constitute a violation of the Bylaws. Further, Plaintiffs allege that Defendants' voluntary participation on a review board denied him of a right to a fair hearing. However, such participation also does not constitute a violation of the Bylaws. Rather, Plaintiffs must allege that the Bylaws were actually violated in order for such a cause of action to survive. *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill.2d 497, 544 N.E.2d 733 (Ill. 1989). Plaintiff has failed to do so.

Furthermore, Plaintiffs' reliance upon *Lo v. Provena Covenant Medical Center*, 256 Ill.App.3d 538, 826 N.E.2d 592 (4th Dist. 2005)(Plaintiff failed to allege any facts and offered no evidence from which the court could reasonably infer that defendant actually or deliberately intended to harm him), *Garibaldi v. Applebaum*, 194 Ill. 2d 438; 742 N.E.2d 279 (Ill. 2000) (Courts exercise only a limited form of review in cases involving medical staffing decisions), is misplaced

8

where these cases further support Defendants' Motion to Dismiss and Memorandum in Support thereof. Further, Plaintiffs reliance upon *Van Daele v. Vinci*, 51 Ill.2d 389, 282 N.E.2d 728 (Ill. 1972) is also misplaced whereby this case involves membership within the Certified Grocers of Illinois, Inc. which is comprised of independent retail grocers doing business under the Co-operative Act and the Business Corporation Act. *Van Daele* is distinguishable because the entity at issue in the instant matter is a hospital. Generally, in Illinois, hospitals are treated by a different standard in the Illinois justice system than other organizations or associations as respects a court's interference regarding membership and/or staffing issues. *Adkins*, 129 Ill.2d 497, 544 N.E.2d 733. Thus, whereby Plaintiffs have failed to state such a cause of action as required under Illinois law, Count IV must be dismissed.

Even if this Court entertains this allegation, as discussed further in Defendants' Motion to Dismiss and Memorandum in Support thereof, the Court in the Chancery action ordered LLC/LPH to provide Plaintiff Guerriero with a hearing as provided for in the Bylaws. Docket No. 28. Rather than litigating LLC/LPH's appeal of this judgment, Plaintiff Guerriero executed the Release. *Id.* This was Plaintiff's Guerriero's choice to execute the Release allegedly based upon reasons relating to his well-being which may have been personally unfortunate. However, the Defendants are unaware of the accuracy of these statements as mentioned in Plaintiffs' Response brief, and such statements are irrelevant to the legal issues in this matter. Docket No. 36. The bottom line remains that hardship is not an argument for failing to properly plead a cause of action, specifically, for denial of a right to a fair hearing. As such, Count IV must be dismissed.

### E. Plaintiff Fails to Properly Plead Civil Conspiracy

Plaintiffs' reliance upon *Adcock v. Brakegate*, 164 Ill.2d 54, 645 N.E.2d 888 (Ill. 1994) is misplaced. In *Adcock*, the court denied defendant's motion to dismiss, and the defendant elected to file an answer to the complaint. *Id.* As such, the defendant waived any defect in the pleading. *Id.*

9

Under Illinois law, however, a defendant may raise at any time a claim that the complaint fails to state a cause of action. *Adcock*, 164 Ill.2d 54, 645 N.E.2d 888 (Ill. 1994). However, this exception applies only when a complaint fails to state a recognized cause of action. *Id.* The exception does not apply where the complaint states a recognized cause of action, but contains an incomplete or otherwise insufficient statement of that cause of action. *Id.* The court in that matter held that civil conspiracy is a recognized cause of action, and therefore declined to analyze whether the plaintiff properly plead civil conspiracy in its complaint. *Id.* Therefore, in the instant matter, Plaintiffs' contention that it properly pled civil conspiracy based upon the court's holding in *Adcock* is misplaced because that issue was never analyzed or ruled upon. *Id.*

Defendants refer this Court to their Motion to Dismiss and Memorandum in Support thereof which clearly outlines how and why Plaintiffs' Complaint fails to state a cause of action for civil conspiracy. Docket No. 28 and 32. As such, on that basis, Count V must be dismissed.

### F. Plaintiffs Have Failed To Properly Plead Violations of RICO

In order to state a viable cause of action under § 1962, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Goren v. New Vision International, Inc., et al.*, 156 F.3d 721, 1998 U.S. App. LEXIS 21505 (7th Cir. 1998). It is not enough, however, for a plaintiff simply to allege the above elements in boilerplate fashion; instead, a plaintiff must allege sufficient facts to support each element. *Id.*

#### 1. Conduct

Plaintiffs have failed to assert factual allegations that would lead to the conclusion that the Defendants, all or some, participated in the operation or management of the enterprise. Rather, the Plaintiffs allege that the individual Defendants merely "participated, directly or indirectly, in the conduct of its affairs," but not in the operation or management of the enterprise. Docket No. 28. Further, Plaintiffs fail to allege in their Complaint that Defendant Cierlik participated in the

management of LLC/LPH. As such, doing so now in their Response brief to Defendants' Motion to Dismiss is not enough to survive said motion. Further, Plaintiffs fail to allege any facts supporting their contention that Defendant Cierlik participated in the management of LLC/LPH. Further, Plaintiffs fail to respond to Defendant's arguments in their Motion to Dismiss. As such, Plaintiffs' Complaint is insufficient to assert a claim for violations of RICO where the conduct element has not been satisfied.

As respects the case law cited in Plaintiff's Response brief, *Reves v. Ernst & Young*, 507 U.S. 170 (1992), is distinguishable from the instant matter. The Supreme Court held in *Reves* that although the professional standards adopted by the accounting profession may be relevant, they do not define what constitutes management of an enterprise for the purposes of § 1962. *Id.* at 186. The instant matter does not involve the accounting profession, but instead the medical profession. Common sense would dictate that professional standards in these two professions are different. Therefore, *Reves* and the instant matter are discernable from one another. Furthermore, Plaintiff misinterprets the holding in *LaSalle Bank v. Seguban*, 54 F.3d 387 (7th Cir. 1995) where the 7th Circuit identified that the district court declined to decide how far down the ladder of operation [lower management] liability might extend. *Id.* at 394.

2. **Enterprise**

An enterprise is an "ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Menola, et al., v. The International Union of Elevator Constructors*, 2005 U.S. Dist. LEXIS 13059, *11 (N.D. Ill. 2005), citing to *Jennings, et al. v. Emry, et al.*, 910 F.2d 1434, 1990 U.S. App. LEXIS 14216 (7th Cir. 1990). An enterprise "must be more than a group of people who get together to commit a 'pattern of racketeering activity,' and more than a group of associated businesses that "are operated in concert" under the control of one family. *Richmond v. Nationwide Cassel L.P.*, 52 F.3d

11

640, 645 (7th Cir. 1995). The hallmark of an enterprise is a 'structure.' *Id.* There must be "a structure and goals separate from the predicate acts themselves." *Id.* An enterprise can be formal or informal, there need not be much structure, but the enterprise must have some continuity and some differentiation of the roles within it. *Id.* There must also be a common purpose of engaging in a course of conduct, although the motive for the enterprise need not be an economic one. *Id.*

In the instant matter, Plaintiffs identify the enterprise as a legal entity, consisting of four enterprises, and nothing more. Docket No. 36. Plaintiffs Complaint fails in several aspects: there is no alleged organization separate and distinct from the alleged predicate acts; there is no allegation that the organization will exist in the future; and, there is no common purpose of the alleged enterprise. As such, Plaintiffs' Complaint is insufficient to assert a claim for violations of RICO where the enterprise element has not been satisfied.

### 3. Pattern

Plaintiffs allege in their Response brief that each enterprise had one goal. This actually further supports Defendants' position that a single scheme does not constitute a pattern of racketeering activity within the meaning of RICO as the instant scenario involves the type of "isolated event" that fails to manifest the threat of continuing illegal activity indicative of a "pattern of racketeering activity." *Medical Emergency Services Assoc., S.C. v. Foulke, et al.*, 844 F.2d 391 (7th Cir. 1988). Furthermore, Plaintiffs hypothesize that such behavior will recur. However, no such behavior has recurred. And, theorizing is insufficient to illustrate a pattern. Therefore, Plaintiffs' Complaint is insufficient to assert a claim for violations of RICO where the pattern element has not been satisfied.

### 4. Racketeering Activity

Plaintiffs fail to identify and/or explain how each predicate act of mail fraud or wire fraud constitutes "racketeering activity." Plaintiffs respond to Defendants' Motion to Dismiss by

Case 1:08-cv-02388   Document 38   Filed 08/07/2008   Page 13 of 15

identifying that a false letter is mail fraud and a threat is extortion. Docket No. 36. Plaintiffs, however, fail to identify in the Complaint how these acts constitute a pattern of racketeering activity defined by continuity and conduct. See *Goren*, 156 F.3d 721, 1998 U.S. App. LEXIS 21505 (7th Cir. 1998). Therefore, Plaintiff's Complaint is insufficient to assert a claim for violations of RICO where the racketeering activity element has not been satisfied.

### G. Plaintiffs Have Failed To Properly Plead Conspiracy to Violate RICO

Plaintiffs simply reiterate their position as stated in the Complaint in their Response brief. Docket No. 36. Plaintiffs fail to address Defendants' contention that Plaintiffs have failed to properly plead conspiracy to violate RICO. Docket No. 36. In support of their Response brief, Plaintiffs cite to *Gagan v. American Cablevision, Inc.*, 77 F.3d 951 (7th Cir. 1995), which is clearly distinguishable from the instant matter, but provide no analysis of how that case relates to the instant matter. In sum, the court in *Gagan* does not evaluate whether a cause of action has been properly pled for conspiracy to violate RICO, but rather whether sufficient evidence exists identifying a pattern of racketeering. *Id.*

In order to state a viable claim for conspiracy to violate RICO, Plaintiffs must allege (1) that each defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity, and (2) that each defendant further agreed that someone would commit at least two predicate acts to accomplish those goals. *Goren*, 156 F.3d, at 732, 1998 U.S. App. LEXIS 21505, *28. In connection with the first element, Plaintiffs have failed to illustrate that each defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity. Plaintiffs contend that Defendants agreed to participate in Plaintiff Guerriero's peer review process knowing that this process was tainted by fraud. Exhibit A, ¶125. The peer review process, however, is a proper means pursuant to the Bylaws when evaluating an employee's conduct. Exhibit A.

13

As respects the second element, Defendants hereby incorporate their argument in their Motion to Dismiss and Memorandum in Support thereof that Plaintiffs failed to properly plead a violation of RICO. Plaintiffs allege that Defendants agreed to the commission of at least two Predicate Acts, but fail to identify within Count VIII the specific details of those acts including who made the alleged specific agreement between certain Defendants, and when this occurred. See *Goren*, 156 F.3d 721, 1998 U.S. App. LEXIS 21505. As such, Plaintiffs have failed to properly satisfy the second element required in a claim of conspiracy to violate RICO.

In further support that Plaintiff failed to properly plead a conspiracy to violate RICO, plaintiffs admit in their complaint that they "cannot plead the precise role of each Defendant in the Civil Conspiracy to Violate RICO because the Conspiracy was shrouded in mystery by Defendants, and knowledge of the precise role of each Defendant therein (or whether other persons participated in the Civil Conspiracy) cannot be determined by Plaintiffs until they conduct discovery in this case." Docket No. 28, Exhibit A, ¶92. The Seventh Circuit has held that "a whiff of the alleged conspirators' assent cannot await discovery but must be apparent in the complaint." *Bennett v. School Directors of District 115, et al.*, 1996 U.S. Dist. LEXIS 12466, *4 (N.D. Ill. 1996).; *Hill v. Hodge*, 1991 U.S. Dist. LEXIS 16784 (N.D. Ill. 1991). To that end, whereby plaintiffs have failed to properly plead conspiracy to violate RICO and have failed to address these issues in its Response brief, Count VIII should be dismissed.

### H. Plaintiff Nacopoulos Lacks Standing To Bring Forth Any Claim For Damages

Again, Plaintiff Nacopoulos simply reiterates his position without addressing Defendants' Motion to Dismiss and Memorandum in Support thereof contending that Plaintiff Nacopoulos lacks standing to bring such a Complaint. Docket No. 36. Defendants' position remains that Plaintiff Nacopoulos does not have standing to sue for damages suffered by Plaintiff Guerriero. See *Winkler v. Gates*, 481 F.3d 977, 979 (7th Cir. 2007), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

560-61 (1992)(standing requires "injury in fact, a causal connection between the injury and the defendant's conduct, and likely redressability through a favorable decision"). In order to avoid redundancy, Defendants refer this Court to their Motion to Dismiss and Memorandum in Support thereof, and on those ground stated therein request that this Court dismiss Count IX. Docket No. 28 and 32.

In further support of Defendants' position that Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(6) on the basis of *res judicata* and for failure to properly plead, and pursuant to Rule 12(f) for violations of Fed. R. Civ. P. 8(a)(2), 8(d)(1) and 10(b), Defendants hereby adopt and incorporate by reference the Motion and Memorandum of Law and Reply brief filed by co-Defendants ERHARD R. CHORLÉ and LYNN A. ELLENBERGER.

Dated this 7th day of August 2008.

                                  Traub, Lieberman, Straus & Shrewsberry

                                  By:/s/ Michael S. Knippen
                                  One of the Attorneys for Defendants MERIT LINCOLN PARK, LLC, GREGORY A. CIERLIK, WILLIAM S. MARKEY, M.D., MARIA M. MUNOZ, M.D., CHRISTOS A. GALANOPOULOS, M.D., GEORGE I. SALTI, M.D., GEORGE ENGEL, M.D., HOWARD A. MORITZ, M.D., CHRISTINE BRADY, R.N.

Michael S. Knippen, ARDC No. 6185723
Mark F. Wolfe, ARDC No. 6186298
Elise N. Victor, ARDC No. 6287603
TRAUB, LIEBERMAN, STRAUS
& SHREWSBERRY
303 W. Madison Street, Suite 1200
Chicago, Illinois 60606
(312) 332-3900