```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **VITTORIO GUERRIERO, M.D. and GREGORY C. NACOPOULOS, D.O.,**<br><br>            **Plaintiffs,**<br><br>      **v.**<br><br>**MERIT LINCOLN PARK, LLC, GREGORY A. CIERLIK, WILLIAM S. MARKEY, M.D., MARIA M. MUNOZ, M.D., CHRISTOS A. GALANOPOULOS, M.D., GEORGE I. SALTI, M.D., GEORGE ENGEL, M.D., HOWARD A. MORITZ, M.D., CHRISTINE BRADY, R.N., ERHARD R. CHORLÉ, and LYNN A. ELLENBERGER,**<br><br>            **Defendants.** | **Case No. 08 C 2388**<br><br>**Hon. Harry D. Leinenweber** |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss filed by Defendants Merit Lincoln Park, LLC, Gregory Cierlik, William Markey, Maria Munoz, Christos Galanopoulos, George Salti, George Engel, Howard Moritz, and Christine Brady (hereinafter, the "LLC Defendants") and a Motion to Dismiss filed by Defendants Erhard Chorlé and Lynn Ellenberger (hereinafter, the "Attorney Defendants").

In a Complaint filed on March 25, 2008, Plaintiffs Vittorio Guerriero and Gregory Nacopoulos (hereinafter, the "Plaintiffs" or "Guerriero" and "Nacopoulos," respectively) asserted multiple common law and statutory claims related to the alleged revocation of their hospital privileges and the subsequent peer review

proceedings. Plaintiffs originally brought this action in state court, and Defendants removed to this Court pursuant to 28 U.S.C. § 1331. In their current motions, Defendants set forth similar arguments that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because all claims are barred by *res judicata* or were improperly pled. For the following reasons, Defendants' Motions to Dismiss are **granted**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court derives the following facts from the pleadings, including all attached documents. The Court resolves all reasonable inferences and factual conflicts in Plaintiffs' favor.

During the relevant time, Plaintiffs, surgeons and partners, practiced medicine at Lincoln Park Hospital (hereinafter, "LPH"). On January 20, 2005, Defendant Galanopoulos, former Chair of Surgery at LPH, informed Plaintiffs that they no longer had privileges to perform gynecological surgery at LPH. Plaintiffs assert that this decision violated the hospital bylaws regarding peer review proceedings and was an ineffective removal of their privileges. Specifically, Plaintiffs allege that they were not given written notice and an opportunity for a hearing required by the bylaw to remove privileges from any physician.

On January 21, 2005, Guerriero performed surgery on a 69-year-old female patient to remove an abdominal tumor, and, in the process of this surgery, Guerriero excised an ovary. Shortly after

this surgery, Guerriero received a letter from Defendant Markey, Medical Staff President at LPH, suspending his hospital privileges and notifying him of a hearing. After multiple peer review hearings at LPH, Guerriero's suspension was upheld.

Nacopoulos heard nothing more about the decision on January 20, 2005, in which his gynecological privileges purportedly were removed. In a letter dated October 23, 2006, LPH informed Nacopoulos that all of his privileges, including gynecological, were renewed.

On April 13, 2006, Guerriero brought suit against Defendant Merit Lincoln Park, LLC, owner and operator of LPH, in the Circuit Court of Cook County, Illinois, in *Guerriero v. Merit Lincoln Park*, Court No. 06 CH 7454. Guerriero alleged breach of contract and judicial review/bad faith peer review in connection with the revocation of his privileges. On October 11, 2006, the Chancery Court ordered LPH to provide Guerriero a hearing as provided for in LPH's bylaw. *See* Oct. 11, 2006 Order, Ex. E. to LLC Defs' Mem. On November 8, 2006, LPH appealed this decision. On February 22, 2007, the parties executed a Release and Settlement Agreement (the "Release"). *See* Release, Ex. G to LLC Defs' Mem. In the Release, Guerriero agreed not to file "any claims . . . against the Hospital in any court . . . arising out of or relating to Guerriero's medical staff membership and clinical privileges at the Hospital to date. . . ." *Id.* at ¶ 3(b). The Release also provided that:

> Guerriero, for himself and his agents, . . . does hereby irrevocably and unconditionally release and forever discharge the Hospital and each of its predecessors, successors, and assigns ("Released Parties"), from all actions, causes of actions, suits . . . of any nature whatsoever, including without limitation, the Pending Claims . . . , against the Released Parties arising out of and/or relating to any event, act or omission which took place on or before the date of this Agreement, including, without limitation, any claims that Guerriero may have relating to, arising out of, or connected with his membership on the medical staff of the Hospital, termination of said membership, or failure of the Hospital to renew said membership.

*Id.* at ¶ 3(c).

On March 25, 2008, Plaintiffs filed a nine-count Complaint against Defendants Merit Lincoln Park, several doctors and a nurse on staff at LPH, the past chief executive officer and past president of LPH, and two attorneys who served as LPH's counsel during peer review proceedings regarding the suspension of Guerriero's privileges and the subsequent state court case against LPH. Plaintiffs claim that Defendants engaged in a fraudulent scheme to revoke Guerriero's privileges at LPH and, in the process, injured Nacopoulos. The Complaint alleges common law fraud (Count I), tortious interference with bylaws (Count II), tortious interference with Guerriero's relationships with LPH and other hospitals (Count III), denial of right to a fair hearing (Count IV), civil conspiracy (Count V), aiding and abetting by attorneys (Count VI), violations of the Racketeer Influenced and

Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq*) (Count VII) (hereinafter, "RICO"), and conspiracy to violate RICO (Count VIII). The Complaint also alleges that Nacopoulos was damaged as a result of the wrongful revocation of his gynecological privileges at LPH and the loss of Guerriero's privileges (Count IX). Defendants now move to dismiss all Counts in the Complaint.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in a light favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). "A complaint must always, . . . allege 'enough facts to state a claim to relief that is plausible on its face,'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Bell Atlantic*, 127 S.Ct. at 1974). To avoid dismissal, the "allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007).

## III. DISCUSSION

### A. Res Judicata

Defendants assert that all of Plaintiffs' claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of *res judicata* because of the prior judgment in the

Chancery Court and the subsequent Release. Under the doctrine of *res judicata* (claim preclusion), "a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." *City of Rockford v. Unit Six of Policemen's Benevolent and Protective Ass'n of Illinois,* 840 N.E.2d 1283, 1288 (7th Cir., 2005). In Illinois, the requirements of *res judicata* are met when there are: (1) an identity of parties or their privies, (2) an identity of a cause of action, and (3) a final judgment on the merits rendered by a court of competent jurisdiction. *Id.* *Res judicata* bars both matters that were offered and those that could have been offered to sustain or defeat a claim in the first action. *Id.*

### 1. *Identity of Parties*

Defendants contend that all Defendants in this action were parties or privies in the Chancery action and that Nacopoulos is in privity with Guerriero, the plaintiff in the Chancery action. Plaintiffs argue that none of the Defendants nor Nacopoulos were parties or privies.

The doctrine of *res judicata* applies only to parties to a previous action and individuals in privity with those parties. *Id.* For purposes of *res judicata*, privity exists "between parties who adequately represent the same legal interests." *Rockford,* 840

N.E.2d at 1290; *Paragon Sales & Service, Inc. v. Onyx Arms Intern.*, No. 93 C 4039, 1997 WL 89230, *3 (N.D. Ill., Feb. 25, 1997). Illinois courts have held that the "identity of the interest . . . controls in determining privity, not the nominal identity of the parties." *Paragon Sales*, 1997 WL 89230 at *3. Moreover, a non-party to the prior judgement is bound by its terms "if his own interests were so closely aligned to a party's interests that the party was his virtual representative." *Id.*

Illinois law clearly establishes that employees, attorneys, and officers of a defendant entity in a prior suit are in privity with the defendant for purposes of res judicata. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir., 1986); *Talano v. Bonow*, 2002 WL 31061198, No. 00 C 1208, *2 (N.D. Ill., Sept. 16, 2002). Since all defendants in this action are current or former employees, officers, or attorneys of LPH, the defendant in the Chancery action, each individual defendant is in privity with LPH with regards to the prior Illinois suit brought by Guerriero.

Unlike Guerriero, however, Nacopoulos was not a party to the prior lawsuit, nor was he a signatory to the Release. Nonetheless, Defendants assert that Plaintiffs are privies because they are partners and because Nacopoulos' claims arise out of the claims of Guerriero, all of which are barred by the doctrine of *res judicata*. In Count IX of the Complaint, Nacopoulos incorporates by reference Counts I through VIII, all of which set out Guerriero's claims, and

alleges that he was harmed both by the wrongful revocation of his own gynelogical privileges and the loss of business resulting from the revocation of his partner Guerriero's privileges.

Generally, a person is not bound by a judgment for or against a party who purports to represent him, and the sole fact that Plaintiffs are partners does not make them privies by default. *General Auto Service Station, LLC v. City of Chicago, Illinois*, 319 F.3d 902, 906 (7th Cir., 2003). Nonetheless, many of Nacopoulos' asserted interests are so closely aligned with those of Guerriero so that Guerriero undoubtably acted as the "virtual representative" of the partnership in the Chancery action. *See Paragon Sales*, 1997 WL 89230 at *3. For example, Nacopoulos alleges that, as Guerriero's partner, he suffered injuries, such as lost spillover business, as a result of the suspension and revocation of Guerriero's privileges. *See* Compl. ¶¶ 130-135. These interests were represented and litigated adequately by Guerriero in the Chancery action and Release. However, Nacopoulos also alleges individual interests separate and distinct from those of Guerriero, namely the wrongful revocation of his gynecological privileges at LPH on January 20, 2005. *See id.* Guerriero did not represent these interests in the prior suit, nor were these claims fully litigated.

Privity, therefore, exists between Nacopoulos and Guerriero only to the extent that Guerriero litigated the interests of the

partnership, namely the damages resulting from the revocation of Guerriero's privileges and peer review proceedings. Privity does not exist between Plaintiffs as to Nacopoulos' individual claims for damages arising out of the revocation of his own privileges. Thus, Defendants have established the first requirement for *res judicata* as to Guerriero and in part as to Nacopoulos.

### *2. Identity of Claims*

Plaintiffs argue that this Court should not apply the doctrine of *res judicata* because they assert different claims of recovery than Guerriero's claims in the Chancery action. Defendants contend that Plaintiffs' claims are precluded because they involve the same nexus of facts, *i.e.*, the revocation of Guerriero's privileges and peer review proceedings.

Under Illinois law, causes of action are identical for purposes of *res judicata* if the claims "[emerge] from the same core of operative facts as that earlier action." *Cole v. Board of Trustees of University of Illinois*, 497 F.3d 770, 772-73 (7th Cir., 2007). Consequently, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as the prior suit that had gone to final judgment." *Id.* at 773. Furthermore, *res judicata* precludes issues that were raised and issues that could have been raised in the prior suit. *Id.*

In this case, the claims in the Chancery action and in this action arise from the same set of incidents, events, and circumstances, namely the suspension of Guerriero's privileges at LPH and the subsequent peer review process. Allowing Plaintiffs to continue to litigate these matters would allow them to relitigate the same dispute under a different set of legal theories, which would plainly violate the purposes of the doctrine of *res judicata*. As discussed above, however, the suspension of Nacopoulos' gynecological privileges on January 20, 2005, was not at issue in the Chancery action. Therefore, the second requirement for *res judicata* has been established as to both Plaintiffs to the extent that the current action involves the suspension of Guerriero's privileges at LPH and the peer review proceedings.

### 3. Final Judgment on the Merits

The judgment of the Chancery Court on October 11, 2006 (Ex. E. to LLC Defs' Mem.), coupled with the subsequent Release, dated February 23, 2007 (Ex. G. to LLC Defs' Mem.), clearly meet the requirement for a final judgment on the merits rendered by a court of competent jurisdiction as to the legal claims arising out of the revocation of Guerriero's privileges and peer review proceedings. *See Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 312-13 (7th Cir., 1996) (holding that a judgment incorporating the results of a settlement can constitute a final

judgment on the merits for purposes of *res judicata*). Accordingly, Defendants have established the third requirement for *res judicata*.

Finally, Plaintiffs argue that this Court should refrain from applying the doctrine of *res judicata* because it would be "fundamentally unfair." We reject this argument. The requirement that a party have a full and fair opportunity to litigate an issue before claims are precluded applies to the procedural fairness in the first action. *Talano,* 2002 WL 31061198 at *3. Here, Plaintiffs made no assertions of unfairness in either the Chancery action or in connection with the Release, thus this argument has no merit.

Therefore, the Defendants' Motions to Dismiss all claims in Plaintiffs' Complaint pursuant to Rule 12(b)(6) on the basis of *res judicata* are granted as to both Plaintiffs insofar as the claims arise out of the loss of Guerriero's privileges, which has been fully litigated in the Chancery action and Release. *See* Counts I-IIIX. Defendants' Motions to Dismiss are denied as to Nacopoulos insofar as his claims are based on injuries related to the revocation of his own privileges, *see* Count IX, not the injuries to Guerriero.

## IV. <u>CLAIMS OF PLAINTIFF NACOPOULOS</u>

As discussed above, Nacopoulos' claims arising out of Guerriero's loss of privileges and any resulting lost income to the partners are barred by *res judicata*. With respect to the remaining

- 11 -

claims, namely Nacopoulos' alleged damages related to the wrongful revocation of his gynecological privileges on January 20, 2005, *see* Count IX, Defendants argue that Nacopoulos failed to state a claim.

While the Complaint is unclear as to the precise legal theories for recovery set out by Nacopoulos, any remaining claims (*i.e.*, breach of contract) are state law claims. Having disposed of all of the federal law claims, grounds no longer exist for federal subject matter jurisdiction. Consequently, this Court has discretion to relinquish jurisdiction over pendent state law claims rather than resolve them on the merits. *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir., 2008). In light of this discretion, this Court dismisses Nacopoulos' remaining claims without prejudice.

## V. CONCLUSION

For the reasons stated herein, this Court **grants** Defendants' Motions to Dismiss. Counts I, II, III, IV, V, VI, VII, and VIII are dismissed with prejudice, and Count IX is dismissed without prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 10/22/2008